# United States District Court
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br>V.<br>Leon Spencer Patterson<br>aka "Lee," aka "Major" | Amended Judgment in a Criminal Case<br><br>Case Number: CR607-00031-001<br><br>USM Number: 59708-019 |
| Date of Original Judgment: June 24, 2009<br>(or Date of Last Amended Judgment) | Harold D. McLendon<br>Defendant's Attorney |

**Reason for Amendment:** [X] Modification of Restitution Order (18 U.S.C. § 3664)

## THE DEFENDANT:
[X] pleaded guilty to Count 17.
[ ] pleaded nolo contendere to Count(s) _ which was accepted by the court.
[ ] was found guilty on Count(s)_ after a plea of not guilty.

The defendant has been convicted of the following offense:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 513(a) | Possession of a counterfeit state security | August 19, 2005 | 17 |

The defendant is sentenced as provided in pages 2 through 15 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ] The defendant has been found not guilty on count(s)___.
[X] Counts 1, 18, 19, 21, 22, and 24 are dismissed as to this defendant on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

July 8, 2009
Date of Imposition of Judgment

_Signature of Judge_

William T. Moore, Jr.
Chief Judge, U. S. District Court
Name and Title of Judge

July 8, 2009
Date

DEFENDANT: Leon Spencer Patterson
CASE NUMBER: CR607-00031-001

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of: __80 months__.

[X] The Court makes the following recommendations to the Bureau of Prisons:
Designation to the Bureau of Prisons camp in Atlanta, Georgia, is recommended. Should the defendant not qualify for that facility, the Court recommends a facility located closest to the Atlanta area.

[ ] The defendant is remanded to the custody of the United States Marshal.
[ ] The defendant shall surrender to the United States Marshal for this district:

   [ ] at ___ [ ] a.m. [ ] p.m. on _____.
   [ ] as notified by the United States Marshal.

[X] The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

   [X] before 2 p.m. on __July 27, 2009__.
   [ ] as notified by the United States Marshal.
   [ ] as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.


                                                     United States Marshal

                                    By _____
                                                  Deputy United States Marshal

DEFENDANT: Leon Spencer Patterson
CASE NUMBER: CR607-00031-001

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of: <u>3 years</u>.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

[ ]  The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

[X]  The defendant shall not possess a firearm, destructive device, or any other dangerous weapon. (Check, if applicable.)

[X]  The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

[ ]  The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

[ ]  The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notification and to confirm the defendant's compliance with such notification requirement; and

14) Any possession, use, or attempted use of any device to impede or evade drug testing shall be a violation of supervised release.

DEFENDANT: Leon Spencer Patterson
CASE NUMBER: CR607-00031-001

## SPECIAL CONDITIONS OF SUPERVISION

1. The defendant shall participate in a program of testing for drug and alcohol abuse and, if the Court determines it is necessary, the defendant shall participate in a program of treatment for drug and alcohol abuse.

2. The defendant shall provide the probation officer with access to any requested financial information. The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer unless the defendant is in compliance with the installment payment schedule.

3. The defendant shall submit his person, residence, office, or vehicle to a search conducted by the United States Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release; failure to submit to a search may be grounds for revocation. The defendant shall warn any other residents that the premises may be subject to searches pursuant to this condition.

## ACKNOWLEDGMENT

Upon finding of a violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.


(Signed) _____        _____
         Defendant                               Date


         _____        _____
         U. S. Probation Officer/Designated Witness    Date

DEFENDANT: Leon Spencer Patterson
CASE NUMBER: CR607-00031-001

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **Totals:** | $100 |  | $410,105.45 |

[ ] The determination of restitution is deferred until ___. An *Amended Amended Judgment in a Criminal Case* (AO 245C) will be entered after such a determination.

[X] The defendant must make restitution (including community restitution) to the following payees in the amounts listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| **As to Count 2/ Vehicle 16; 2003 Hummer H2 (VIN 5GRGN23U43H140308)** | | | |
| Unknown (This vehicle was never recovered; therefore, a victim has not been identified.) | | $0.00 | |
| **As to Counts 3 and 4/ Vehicle 15; 2002 Ford Explorer (VIN 1FMZU63E0UA39426)** | | | |
| Maroone Ford of Margate
5401 W. Copans Road
Margate, Florida 33063 | $10,000.00 | $10,000.00 | 1 (7.6%) |
| Zurich Insurance
7045 College Boulevard
Overland Park, Kansas 66211
Claim No. 1090017366 | $12,620.00 | $12,620.00 | 2 (4.5%) |

See Additional Restitution Payees - Page 6

[ ] Restitution amount ordered pursuant to plea agreement   $ _____

[ ] The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default pursuant to 18 U.S.C. § 3612(g).

[X] The court determined that the defendant does not have the ability to pay interest and it is ordered that:

   [X] The interest requirement is waived for the   [ ] fine   [X] restitution.
   [ ] The interest requirement for the   [ ] fine   [ ] restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: Leon Spencer Patterson
CASE NUMBER: CR607-00031-001

## ADDITIONAL RESTITUTION PAYEES

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| **As to Count 5/ Vehicle 38; 2003 Cadillac DeVille (VIN unknown)** | | | |
| Unknown | | $0.00 | |
| **As to Counts 6 and 7/ Vehicle 8; 2003 Cadillac Escalade (VIN 1GYEC63T63R117310 )** | | | |
| Westin Resort Hotel<br>1 Resort Drive<br>Savannah, Georgia 31421<br>Claim #: 010515060961AP01 | $1,000.00 | $1,000.00 | 1 (0.8%) |
| Gallagher Basset Services, Inc.<br>P.O. Box 30840<br>Laguna Hills, California 92654<br>Claim #010515060961AP01 | $40,716.53 | $40,716.53 | 2 (14.6%) |
| Cross Gate Motors, Inc.<br>5990 Highway 21<br>Port Wentworth, Georgia 31407 | | $0.00 | |
| **As to Counts 8, 9, 19, 20, 21, and 56 / Vehicles 35 and 36; 2005 Chrysler 300M (VIN unknown)** | | | |
| Budget Rent A Car<br>1110 Northchase Parkway, Suite 200<br>Marietta, Georgia 30067 | $20,222.00 | $20,222.00 | 1 (15.4%) |
| **As to Count 10/ Vehicle 10; 2004 GMC Yukon Denali (VIN 1GKEK63U44J137884)** | | | |
| Unknown | | $0.00 | |

See Additional Restitution Payees - Page 7

 * Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994 but before April 23, 1996.

DEFENDANT: Leon Spencer Patterson
CASE NUMBER: CR607-00031-001

## ADDITIONAL RESTITUTION PAYEES

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| <u>As to Count 11 / Vehicle 39; 2002 Cadillac Escalade (VIN 3GYEK63N72G271804)</u> | | | |
| Auto-Owners Insurance<br>Attn: Joe Gregors<br>Claim No.: 34-1469-05<br>P.O. Box 71988<br>Albany, Georgia 31708-1988 | $1,718.00 | $1,718.00 | 2 (0.6%) |
| JMC Auto Brokers<br>Attn: Erica Bishop<br>9602 White Bluff Road<br>Savannah, Georgia 31406-4656 | $1,091.58 | $1,091.58 | 1 (0.8%) |
| <u>As to Counts 12, 13, and 14 / Vehicles 1 and 30; 2004 Chevrolet Corvette (VIN 1G1YY32G735127917)</u> | | | |
| Coastal Chevrolet<br>9393 Abercorn Expressway<br>Savannah, Georgia 31406<br>(RE: VIN 1GYY32G735127917) | $2,500.00 | $2,500.00 | 1 (1.9%) |
| Motors Insurance Corporation<br>P.O. Box 105706<br>Atlanta, Georgia 30348<br>(RE: Claim CMUNI 1006989) | $9,129.12 | $9,129.12 | 2 (3.3%) |
| <u>As to Counts 15 and 16 / Vehicle 41; 2002 Chevrolet Avalanche (VIN 3GNEK13T82G124700)</u> | | | |
| Commerce Insurance<br>11 Gore Road<br>Webster, Massachusetts 01570<br>(Claim No. NNX912/loss no.VH9173) | $17,298.17 | $17,298.17 | 2 (6.2%) |
| Scott Tardiff<br>31 Cottage Street<br>Leominster, Massachusetts 01453 | $500.00 | $500.00 | 1 (0.4%) |

See Additional Restitution Payees - Page 8

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994 but before April 23, 1996.

DEFENDANT: Leon Spencer Patterson
CASE NUMBER: CR607-00031-001

## ADDITIONAL RESTITUTION PAYEES

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| **As to Counts 17 and 18/ Vehicle 11: 2002 Chevrolet Tahoe (VIN 1GNEC13Z32J188949)** | | | |
| JMC Auto Brokers<br>Attn: Erica Bishop<br>VIN 1GNEC13Z32J188949<br>9602 White Bluff Road<br>Savannah, GA 31406-4656 | $1,197.63 | $1,197.63 | 1 (0.9%) |
| Auto Owners Insurance<br>Attn: Joe Gregors<br>Claim No.: 34-2718-05<br>P.O. Box 71988<br>Albany, Georgia 31708-1988 | $4,557.00 | $4,557.00 | 2 (1.6%) |
| **As to Counts 22, 23, 24, and 36 / Vehicles 6 and 42; 2005 Chevrolet Tahoe (VIN 1GNEK13T25R171385)** | | | |
| Youmans Chevrolet<br>2020 Riverside Drive<br>Macon, Georgia 31204 | $1,000.00 | $1,000.00 | 1 (0.8%) |
| Motors Insurance Corporation -<br>National Property Claim Center<br>P. O. Box 105706<br>Duluth, Georgia 30096<br>(Claim No. GCWSL1007324) | $31,808.55 | $31,808.55 | 2 (11.4%) |
| **As to Counts 25, 26, and 27 / Vehicle 45; 2001 Ford F250 Super Duty (VIN 1FTNX21F91EB51083)** | | | |
| Georgia Farm Bureau Mutual<br>Insurance Company<br>1620 Bass Road<br>Macon, Georgia 31210-6503<br>(Claim No. APV0119595) | $14,712.23 | $14,712.23 | 2 (5.3%) |
| **As to Counts 28 and 29 / Vehicle 37; 2004 GMC Yukon (VIN unknown)** | | | |
| Unknown (This vehicle was never recovered; therefore, a victim has not been identified.) | | $0.00 | |

See Additional Restitution Payees - Page 9

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994 but before April 23, 1996.

DEFENDANT: Leon Spencer Patterson
CASE NUMBER: CR607-00031-001

## ADDITIONAL RESTITUTION PAYEES

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| <u>As to Count 30 / Vehicle 40; 2004 Chevrolet Corvette (VIN unknown)</u> | | | |
| Liberty Mutual Agency Markets d/b/a Peerless Insurance P.O. Box 2155 Bloomington, Illinois 61702-2155 File No. 374297 | $15,531.79 (already paid by codefendant Archie Finch) | $0.00 | |
| <u>As to Count 31/ Vehicle 2; 2004 GMC Yukon (VIN 1GKEC13Z04J279306)</u> | | | |
| Gallagher Basset Services, Inc. ATTN: Amir Abbassi P. O. Box 30840 Laguna Hills, California 92654 Claim No. 010515066916GK01 | $21,327.54 | $5,662.00 | 2 (2.0%) |
| <u>As to Counts 32 and 33 / Vehicle 3; 2004 Dodge Ram (VIN 3D7KU28C14G123403)</u> | | | |
| Heritage Heating and Air 2093 Highway 42 North, Suite 1 Jenkinsburg, Georgia 30233 | | $0.00 | |
| State Farm Insurance, Panol ECF P.O. Box 10003 Duluth, Georgia 30096-9403 (Claim No. 114886718) | | $0.00 | |
| <u>As to Counts 34 and 35 / Vehicle 7; 2004 Chevrolet Suburban (VIN 1GNFK16Z13R241735)</u> | | | |
| Nationwide Insurance Attn: Kathy Holdsworth 7125 Columbia Gateway Drive, Suite 350 Columbia, Maryland 21046 (Claim No. 5219090571E2005121301) | $15,864.50 | $15,864.50 | 2 (5.7%) |
| Rosial and Traci Jones 1904 Willow Switch Lane Upper Marlboro, Maryland 20774 | $500.00 | $500.00 | 1 (0.4%) |

See Additional Restitution Payees - Page 10

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994 but before April 23, 1996.

DEFENDANT: Leon Spencer Patterson
CASE NUMBER: CR607-00031-001

## ADDITIONAL RESTITUTION PAYEES

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| **As to Counts 37 and 38 / Vehicle 4; 2006 Chevrolet Suburban (VIN 1GNFK16Z46J137534)** | | | |
| None (This vehicle was returned without a loss to the owner.) | | $0.00 | |
| **As to Count 39 / Vehicle 12; 2004 Cadillac Escalade (VIN 1GYEC63T94R308513)** | | | |
| Melinda Crone<br>324 Pierpont Avenue<br>Savannah, Georgia 31404 | $500.00 | $500.00 | 1 (0.4%) |
| Georgia Farm Bureau<br>P.O. Box 7008<br>Macon, Georgia 31209<br>(Claim No. APV1709912) | $11,688.50 | $11,688.50 | 2 (4.2%) |
| **As to Counts 40 and 41 / Vehicle 27; 2002 Chevrolet Corvette (VIN 1G1YY32G025135470)** | | | |
| Michael G. Carter<br>P. O. Box 383<br>Byron, Georgia 31008 | $1,000.00 | $1,000.00 | 1 (0.8%) |
| State Farm Insurance<br>P. O. Box 10003<br>Duluth, Georgia 30096<br>(Reference Claim No. 114919088) | $10,984.50 | $10,984.50 | 2 (3.9%) |
| **As to Count 42 / Vehicle 28; 2002 Cadillac Escalade (VIN 3GYEK63N32G357904)** | | | |
| CNA/American Casualty Company<br>P.O. Box 305123<br>Nashville, Tennessee 37230<br>(Claim No. E2211425) | $1,171.65 | $1,171.65 | 2 (0.4%) |
| Jason Eric Kirkland<br>P.O. Box 441<br>Fleming, Georgia 31309 | $1,000.00 | $1,000.00 | 1 (0.8%) |

See Additional Restitution Payees - Page 11

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994 but before April 23, 1996.

DEFENDANT: Leon Spencer Patterson
CASE NUMBER: CR607-00031-001

## ADDITIONAL RESTITUTION PAYEES

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| <u>As to Counts 43 and 44 / Vehicle 29; 2003 Hummer H2 (VIN 5GRGN23U53H126255)</u> | | | |
| O.C. Welch Ford Lincoln Mercury<br>4920 Independence Boulevard<br>Hardeeville, South Carolina 29927-4334 | $2,500.00 | $2,500.00 | 1 (1.9%) |
| Universal Underwriters Insurance (Zurich)<br>600 Galleria Parkway Southeast, Suite 990<br>Atlanta, Georgia 30339<br>(RE: Claim No. 1010019368) | $12,297.28 | $12,297.28 | 2 (4.4%) |
| <u>As to Counts 45, 46, and 47 / Vehicles 24, 31, and 48; 2006 Cadillac Escalade (VIN 1GYEC63N46R102522)</u> | | | |
| Enterprise Rent-a-Car<br>101 Business Park Boulevard, Suite 1100<br>Columbia, South Carolina 29203-8401<br>(RE: VIN 1GYEC63N46R102522) | $48,275.00 | $48,275.00 | 1 (36.7%) |
| <u>As to Counts 48 and 49 / Vehicle 32; 2003 Chevrolet Avalanche (VIN 3GNEC13T03G277991)</u> | | | |
| This vehicle was recovered and returned to the owner without incurring a loss. | | $0.00 | |
| <u>As to Count 50 / Vehicle 14; 1999 Chevrolet Corvette (VIN 1G1YY32G6X5130264)</u> | | | |
| Matthew Hamby<br>319 Lake Tomacheechee<br>Rincon, Georgia 31326 | $500.00 | $500.00 | 1 (0.4%) |
| Georgia Farm Bureau<br>P.O. Box 7008<br>Macon, Georgia 31209<br>(RE: Claim No. APV2038454) | $5,493.65 | $5,493.65 | 2 (2.0%) |

See Additional Restitution Payees - Page 12

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994 but before April 23, 1996.

DEFENDANT: Leon Spencer Patterson
CASE NUMBER: CR607-00031-001

## ADDITIONAL RESTITUTION PAYEES

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| **As to Count 51 / Vehicle 25; 2006 Chevrolet Silverado Crew Cab (VIN 2GCEK13T561220565)** | | | |
| Woody Butts Chevrolet<br>P.O. Box 710<br>Cochran, Chevrolet 31014 | $500.00 | $500.00 | 1 (0.4%) |
| Motors Insurance Corporation<br>P.O. Box 105706<br>Atlanta, Georgia 30348<br>(RE: Claim No. CGWSL1011845) | $8,070.50 | $8,070.50 | 2 (2.9%) |
| **As to Vehicle 5; 2006 Mercedes E350 (VIN WDBUF56J56A810724)** | | | |
| DMF & All Car Leasing, Inc.<br>Attn: James Dorsey<br>105 Main Street<br>Laurel, Maryland 20707<br>(Ref. No. 662386510) | $8,190.65 | $8,190.65 | 1 (6.2%) |
| **As to Vehicle 13; 2004 Chevrolet Corvette (VIN 1G1YY32G425111138)** | | | |
| Master Pontiac Buick GMC<br>3710 Washington Road<br>Augusta, Georgia 30907 | $1,000.00 | $1,000.00 | 1 (0.8%) |
| Motors Insurance Corporation<br>P.O. Box 105706<br>Atlanta, Georgia 30348<br>(RE: Claim No. RGC02690244) | $9,455.00 | $9,455.00 | 2 (3.4%) |
| **As to Vehicle 17; 2001 Lincoln Navigator (VIN unknown)** | | | |
| Georgia Farm Bureau Mutual Insurance Company<br>P.O. Box 7008<br>Macon, Georgia 31209 | $33,668.00 | $33,668.00 | 2 (12.1%) |

See Additional Restitution Payees - Page 13

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994 but before April 23, 1996.

DEFENDANT: Leon Spencer Patterson
CASE NUMBER: CR607-00031-001

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| As to Vehicle 18; 1996 Chevrolet Tahoe (VIN 1GNEC13R1TJ338929) | | | |
| Unknown | | $0.00 | |
| As to Vehicle 19; 2002 Chevrolet Tahoe (VIN 1GNEC13Z72J241524) | | | |
| Dan Vaden Chevrolet<br>9393 Abercorn Street<br>Savannah, Georgia 31406<br>RE: VIN 1GNEC13Z72J241524 | | $0.00 | |
| As to Vehicle 20; 1998 Lincoln Navigator (VIN unknown) | | | |
| Unknown | | $0.00 | |
| As to Vehicle 21; 2002 Mitsubishi Montero Sport (VIN JA4MT31R32J035548) | | | |
| Unknown | | $0.00 | |
| As to Vehicle 22; 2003 Lincoln LS (VIN unknown) | | | |
| Unknown | | $0.00 | |
| As to Vehicle 23; 2002 Toyota Camry (VIN 4T1BE32K12U010280) | | | |
| Unknown | | $0.00 | |
| As to Vehicle 26; 2006 Chevrolet Silverado Crew Cab (VIN 2GCEK13T661218999) | | | |
| This vehicle was recovered without a loss to the owner. | | $0.00 | |

See Additional Restitution Payees - Page 14

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994 but before April 23, 1996.

DEFENDANT: Leon Spencer Patterson
CASE NUMBER: CR607-00031-001

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| As to Vehicle 33; 2003 Cadillac Escalade (VIN 1GYEC63T13R131003) | | | |
| Unknown | | $0.00 | |
| As to Vehicle 34; 2004 Cadillac Escalade (VIN unknown) | | | |
| Unknown | | $0.00 | |
| As to Vehicle 43; 2002 Mercedes-Benz S430 (VIN unknown) | | | |
| Unknown | | $0.00 | |
| As to Vehicle 44; 2003 Cadillac DeVille (VIN unknown) | | | |
| Backus Cadillac Pontiac<br>1821 East Victory Drive<br>Savannah, Georgia 31414 | | $0.00 | |
| Motors Insurance Corporation<br>400 North Park Town Center #275<br>1000 Abernathy Road<br>Atlanta, Georgia 30328 | | $0.00 | |
| As to Vehicle 46; 2006 Chevrolet Silverado Crew Cab (VIN 2GCEC13T161122243) | | | |
| Enterprise Leasing<br>3064 Sylvan Road<br>Hapeville, Georgia 30354<br>(Attn: Paula Adkins) | $24,759.83 | $24,759.83 | 1 (18.8%) |
| As to Vehicle 47; 2006 GMC Yukon (VIN 1GKEK63U66J130695) | | | |
| Critz Buick<br>1 Stephenson Avenue<br>Savannah, Georgia 31405 | $5,000.00 | $5,000.00 | 1 (3.8%) |
| Zurich/Universal Underwriters Insurance<br>7045 College Boulevard<br>Overland Park, Kansas 66211 | $31,953.58 | $31,953.58 | 2 (11.5%) |
| **Total:** | $441,302.78 | $410,105.45 | 1 (100%)   2 (100%) |

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994 but before April 23, 1996.

DEFENDANT: Leon Spencer Patterson
CASE NUMBER: CR607-00031-001

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

A [X]  Lump sum payment of $ 100 due immediately, balance due

    [ ] not later than ___; or
    [X] in accordance with   [ ] C,   [ ] D,   [ ] E, or   [X] F below; or

B [ ]  Payment to begin immediately (may be combined with   [ ] C,   [ ] D, or   [ ] F below); or

C [ ]  Payment in equal _ (e.g., weekly, monthly, quarterly) installments of $__ over a period of __ (e.g., months or years), to commence _ (e.g., 30 or 60 days) after the date of this judgment; or

D [ ]  Payment in equal _ (e.g., weekly, monthly, quarterly) installments of $__ over a period of __ (e.g., months or years), to commence _(e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E [ ]  Payment during the term of supervised release will commence within __ (eg., 30 or 60 days) after release from imprisonment. the court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F [X]  Special instructions regarding the payment of criminal monetary penalties: Pursuant to 18 U.S.C. § 3664(f)(3)(B), nominal payments of either quarterly installments of a minimum of $25 if working non-UNICOR or a minimum of 50 percent of monthly earnings if working UNICOR shall be made. Upon release from imprisonment and while on supervised release, nominal payments of a minimum of $300 per month shall be made. Payments are to be made payable to the Clerk, United States District Court, for disbursement to the victims.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.
The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

[X]  Joint and Several
    Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate:

| | | | |
|---|---|---|---|
| Leon Patterson | CR607-00031-001 | Randall Chambers | CR607-00031-011 |
| Troy Jason Edenfield | CR607-00031-002 | John Allen Williams | CR607-00031-012 |
| Jimmy Everett | CR607-00031-003 | John Fitzgerald Jones | CR607-00031-013 |
| Ronnie Lee | CR607-00031-004 | Woodard Lewis | CR607-00031-014 |
| Brian Hunt | CR607-00031-005 | Archie Douglas Finch | CR607-00031-015 |
| Jermaine Van Gardner | CR607-00031-007 | Allen Tillman | CR607-00031-016 |
| Adisha Jabari Bryant | CR607-00031-008 | Justin Wayne Prince | CR607-00031-017 |
| Wesley Aikens | CR607-00031-009 | Jeffrey Lee Gaines | CR607-00031-019 |
| Willie Battise, Jr. | CR607-00031-010 | Daisy Scott | CR607-00031-023 |

[ ]  The defendant shall pay the cost of prosecution.

[ ]  The defendant shall pay the following court cost(s):

[ ]  The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment; (2) restitution principal; (3) restitution interest; (4) fine principal; (5) fine interest; (6) community restitution; (7) penalties, and (8) costs, including cost of prosecution and court costs.