## IN THE UNITED STATES DISTRICT COURT FOR
## THE SOUTHERN DISTRICT OF GEORGIA
## STATESBORO DIVISION

```
UNITED STATES OF AMERICA        )
                                )
                                )
v.                              )        CASE NO. CR607-031
                                )
LEON SPENCER PATTERSON,         )
                                )
        Defendant.              )
                                )
```

## O R D E R

Before the Court is Defendant Leon Spencer Patterson's Motion to Waive or Reduce Restitution (Doc. 956), which the Government opposes (Doc. 957). After careful consideration and review of the record, Defendant's motion (Doc. 956) is **DENIED**.

In his motion, Defendant alleges that the Court's Final Order of Garnishment (Doc. 953) subjects him to undue punishment in violation of the Eighth Amendment (Doc. 956, 1-2). The Government contends that Defendant's objections to the garnishment are untimely under 28 U.S.C. § 3202(d). (Doc. 957 at 2.) Alternatively, the Government argues that the garnishment order is not an "excessive fine" within the meaning of Eighth Amendment. (Id. at 2-3.)

The Federal Debt Collection Procedure Act gives defendants twenty days from the notice of the writ of garnishment to raise objections. See 28 U.S.C. 3202(d). The Clerk of Court entered an Ex Parte notice of post-judgment garnishment on April 1, 2020. (Doc. 944.) Defendant received this notice, at the latest, on

April 21, 2020—the day he signed his Motion for Hearing. (Doc. 947) Therefore, Defendant had until May 11, 2020 to raise objections to the garnishment. Because Defendant did not file his objections until September 8, 2020, Defendant's objections are untimely. (Doc. 956); see United States v. Rosin, NO. 8:05-cr-143-T-24MAP, 2010 WL 454933, at *4-5 (M.D. Fla. Feb 9, 2010) (finding untimely any objections to writ of garnishment filed after the statutory deadline). Accordingly, Defendant's Motion to Waive or Reduce Restitution (Doc. 956) is **DENIED**.[1]

SO ORDERED this 1st day of October 2020.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

_____

[1] Even if timely, Defendant's motion would still be denied, because his restitution order does not violate the Eighth Amendment. The 11th Circuit has not directly addressed the Eighth Amendment's applicability to restitution orders. United States v. Van Brackle, No. 2:08-CR-042-WCO, 2009 WL 4928050, at 3* (N.D. Ga. Dec. 17, 2009) ("Case law offers little guidance concerning the application of the Eighth Amendment's prohibition against 'excessive fines' to restitution orders".). However, other courts have found restitution orders can violate the Eighth Amendment, but only where the amount of restitution is "grossly disproportionate to the defendant's culpability.". (Id.) (citing United States v. Dubose, 146 F.3d 1141, 1144-45 (9th Cir. 1998). This proportionality test accords with the 11th Circuit's analysis in Eighth Amendment cases involving forfeiture. United States v. Browne, 505 F.3d 1229, 1281 (11th Cir. 2007) (citing United States v. Bajakajian, 524 U.S. 321, 337, 118 S.Ct. 2028, 2030, 141 L.Ed.2d 314). Defendant's restitution order is based on the actual loss caused to victims of his crime. (Doc. 665 at 8.) Accordingly, the Court finds Defendant's restitution order is proportionate to his culpability and does not violate the Eighth Amendment. See Dubose, 146 F.3d at 1145.